UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI,
SOUTHERN DIVISION

| | | |
|---|---|---|
| P. B, a minor through his next friend and Grandfather KEITH DAVIS | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:24-CV-3037 |
| v. | ) ) | JURY TRIAL DEMANDED |
| AGAPE BAPTIST CHURCH, INC., d/b/a/ AGAPE BOARDING SCHOOL, | ) ) ) | |
| and | ) ) | |
| BRYAN CLEMENSEN | ) ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, P.B., a minor, by and through his next friend Keith Davis, by and through his counsel of record, Monsees & Mayer, P.C., and for his Complaint for Damages against Defendant Agape Baptist Church, Inc., d/b/a Agape Boarding School and Bryan Clemensen, states and alleges as follows:

## PARTIES

1.     Plaintiff P. B., a minor (hereinafter "Plaintiff P.B.") is at this time a resident of Colorado.

2.     At the time of this filing P.B. is a minor and his date of birth is November 15, 2006.

3.     Plaintiff P.B. is making this claim by and through his grandfather and Next Friend, Keith Davis, who is also a resident of Colorado.

4.     Agape Boarding School, at all times relevant herein, was a Missouri private boarding school that is owned and operated by Defendant Agape Baptist Church, Inc.

1

5.     Defendant Agape Baptist Church, Inc., d/b/a/ Agape Boarding School (hereinafter referred to as Defendant "Agape") is a non-profit corporation doing business in Missouri and its principal place of business is in Missouri. Counsel for Defendant Agape has agreed to accept service of process of Plaintiff's Complaint. Proper pleadings will be filed for waiver of service.

6.     Defendant Bryan Clemensen is an individual who resides in Cedar County Missouri, who was at all relevant times the Director of Defendant Agape. Counsel for Defendant Clemensen has agreed to accept service of process of Plaintiff's Complaint. Proper pleadings will be filed for waiver of service.

7.     At all relevant times, Defendants Agape and Clemensen acted as an innkeeper in that it owned, operated, managed, or was otherwise responsible for the functioning and operation of a boarding school known as Agape Boarding School, located at 12998 E. 1400 Road, Stockton, Missouri 65785.

8.     At all relevant times, Defendants Agape and Clemensen acted as an innkeeper, providing lodging for a fee to Plaintiff and thus owed an affirmative duty to Plaintiff to keep him safe from harm. Defendants Agape and Clemensen's affirmative duty to keep Plaintiff safe from harm included the duty to take precautions against an assault on Plaintiff.

9.     At all relevant times, Defendants Agape and Clemensen had the right to control the hiring, training, supervision, and firing of its agents, servants, and employees.

## JURISDICTION AND VENUE

10.     Jurisdiction is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of Lakewood, Jefferson County, Colorado, and Defendants Agape and Clemensen maintains their principal place of business within the state of Missouri and the amount of controversy exceeds Seventy-Five Thousand Dollars ($75,000.00),

2

exclusive of interest and costs.

11.     The Court has personal jurisdiction over Defendants Agape and Clemensen as they resides in the state of Missouri, conducts business in the state of Missouri, and committed the tortious conduct alleged herein in the state of Missouri.

12.     Venue is proper within the Western District of Missouri, Springfield, Southern Division because Defendants Agape and Clemensen reside in Cedar County, Missouri and because a substantial part of the events or omissions giving rise to the claims alleged occurred in Cedar County, Missouri.

<u>**ALLEGATIONS COMMON TO ALL COUNTS**</u>

13.     At all relevant times, Defendants Agape and Clemensen acted through their agents, servants, and employees and are vicariously liable for the actions and omissions of their agents, servants, and employees, who at all relevant times acted within the scope and course of their employment and/or agency with Defendants Agape and Clemensen.

14.     Defendants Agape and Clemensen assume custodial care for boys of a range of ages and provide facilities and staff to provide such services. Defendants Agape and Clemensen do not receive state or federal resident placements nor public monies or assistance for its services in housing and having custody of such residents.

15.     Plaintiff was in custody of Agape Boarding School from approximately 2019 to 2020. Defendants Agape and Clemensen contracted with Plaintiff's parents to provide, and were obligated to provide, the care, custody, supervision, and safety of Plaintiff while in the custody of Agape Boarding School and to take all reasonable measures to protect him from sexual, physical, and emotional abuse.

16.     While in the custody of Defendants Agape and Clemensen, Plaintiff was physically

and emotionally abused by multiple agents, servants, and employees of Defendants Agape and Clemensen.

17.    For many years prior to Plaintiff's arrival at Agape Boarding School, there were multiple incidents of physical, emotional, and sexual abuse perpetrated by Defendants Agape and Clemensen's agents, servants, and employees against residents at Agape, including acts resulting in criminal sexual abuse charges and convictions, all providing notice to Defendants Agape and Clemensen that their facilities and programs did not provide reasonable protections against such abuses. Despite this knowledge, Defendants Agape and Clemensen failed to implement safety measures designed to protect its residents from such abuses.

18.    When Plaintiff arrived at Agape Boarding School, a culture of pervasive physical, emotional, and sexual abuse existed at Agape Boarding School that was not disclosed to the parents of Plaintiff.

19.    Prior to the incidents of physical and emotional abuse occurring to Plaintiff, other residents at Agape Boarding School were the victim of multiple physical and sexual assaults that were reported to Defendant and Defendant had direct knowledge of.

20.    Plaintiff was the victim of multiple incidents of physical and emotional abuse perpetrated by several agents, servants, and employees of Defendants Agape and Clemensen.

21.    Prior to the abuses perpetrated against Plaintiff, Defendants Agape and Clemensen were aware, or should have been aware, due to the numerous prior instances of abuse which had occurred on Defendants Agape and Clemensen's premises, of the inadequacy of Defendant Agape's programs, staffing, and policies, of the dangers of leaving vulnerable residents unattended with other staff or residents, and of the dangers of not having appropriate surveillance equipment on the Agape Boarding School premises. Despite such knowledge, Defendants Agape and

Clemensen took no action to protect Plaintiff from abuse and harm.

22.     The incidents of abuse occurring to Plaintiff were known by Defendants Agape and Clemensen, but the incidents were not adequately investigated or reported, and no steps were taken to protect Plaintiff from further incidents of abuse. Instead of prevention, Defendants Agape and Clemensen practiced a pattern of punishment designed to conceal and prevent the reporting of such incidents to the appropriate authorities and to prevent knowledge of such incidents being known by the public.

23.     Plaintiff is bringing this action to recover damages from Defendant arising from his personal injuries.

24.     Plaintiff's damages include past and future pain and suffering, and other general and special damages in an amount to be determined by the jury at trial of this action.

<u>COUNT I</u>
<u>NEGLIGENCE</u>

25.     Plaintiff adopts and incorporates by reference every allegation contained in paragraphs 1 through 24 of this Petition as if fully set forth herein.

26.     At all relevant times, Defendants Agape and Clemensen had a duty to use ordinary care and to act in accordance with the standards, skills, and learning required for a boarding school.

27.     At all relevant times, Defendants Agape and Clemensen acted as innkeepers, providing lodging for a fee to Plaintiff and thus owed an affirmative duty to Plaintiff to keep him safe from harm. Defendants Agape and Clemensen's affirmative duty to keep Plaintiff safe from harm included the duty to take precautions against an assault on Plaintiff.

28.     At all relevant times, Defendants Agape and Clemensen as innkeepers, had a special relationship with Plaintiff as a guest of its boarding school, thus owing a heightened duty

5

to Plaintiff to keep him safe from harm.

29.     At all relevant times, Plaintiff was lawfully on the premises of Defendants Agape and Clemensen.

30.     Defendants Agape and Clemensen, including their agents, servants, and employees, were negligent and breached its duty of care to Plaintiff in one or more of the following respects:

A.     Defendants Agape and Clemensen failed to adequately and properly supervise, monitor, and protect Plaintiff so as to prevent the physical and emotional abuse he suffered while in the custody of Agape Boarding School;

B.     Defendants Agape and Clemensen failed to put in place appropriate policies and procedures for the monitoring and supervising of Defendants Agape and Clemensen's agents, servants, employees, and other residents so as to prevent the physical and emotional abuse Plaintiff suffered while in the custody of Agape Boarding School;

C.     Defendants Agape and Clemensen failed to put in place adequate monitoring equipment and facilities for the monitoring and supervising of Defendants Agape and Clemensen's agents, servants, employees, and other residents so as to prevent the physical and emotional abuse Plaintiff suffered while in the custody of Agape Boarding School;

D.     Defendants Agape and Clemensen failed to take reasonable steps to prevent Plaintiff from suffering physical and emotional abuse by Defendants Agape and Clemensen's agents, servants, employees, and other residents;

E.     Defendants Agape and Clemensen knew, or should have known, that Agape

6

Boarding School, through its facilities, staff, residents, policies, and/or practices presented a risk of harm to Plaintiff of physical and emotional abuse, but failed to take reasonable steps to reduce or eliminate the risk of such harm;

F.    Defendants Agape and Clemensen failed to put in place appropriate policies and procedures to adequately screen Defendants Agape and Clemensen's agents, servants, and employees from causing physical and emotional harm to Plaintiff;

G.    Defendants Agape and Clemensen was not qualified, experienced, or trained to provide appropriate care and safety for Plaintiff;

H.    Defendants Agape and Clemensen failed to warn Plaintiff of the potential threat of physical, emotional, and/or sexual abuse he may endure while in the custody of Agape Boarding School;

I.    Defendants Agape and Clemensen failed to adequately train, or have appropriate policies and procedures in place for its agents, servants, and employees to recognize and respond to dangers and prevent dangers of physical, emotional, and/or sexual abuse to Plaintiff;

J.    Defendants Agape and Clemensen failed to adequately train employees, concerning de-escalation procedures, prohibitions on initiating physical contact with students, determining when physical management or contact is necessary and proper, and if physical management or contact is proper, how to properly implement a physical restraint, including technique and duration; and

7

K. Defendants Agape and Clemensen failed to adequately supervise its agents, servants, and employees.

31. At all times relevant herein, Defendants Agape and Clemensen's agents, servants, and employees were working within the course and scope of their employment with Defendants Agape and Clemensen. All said agents, servants, and employees of Defendants Agape and Clemensen performed acts or omissions at places where their work was required to be conducted, and their work was being performed according to an express or implied agreement with Defendants Agape and Clemensen, and/or under the control and supervision of Defendants Agape and Clemensen.

32. In addition to Defendants Agape and Clemensen's own independent acts of negligence, the careless, negligent, and reckless acts and/or omissions of Defendants Agape and Clemensen's agents, servants, and employees are imputed to and operate as the acts and/or omissions of Defendants Agape and Clemensen under the doctrine of *respondeat superior*, such that those acts and/or omissions are the acts and/or omissions of Defendants Agape and Clemensen.

33. As a direct and proximate result of Defendants Agape and Clemensen's negligence, Defendants Agape and Clemensen directly caused, or directly contributed to cause, serious, permanent, and progressive injuries, medically diagnosable and significant emotional distress, mental anguish and injury, and damages to Plaintiff for which he has and will continue to need medical and psychiatric care and treatment.

<u>**COUNT II**</u>
**BATTERY – RESPONDEAT SUPERIOR**

34. Plaintiff adopts and incorporates by reference every allegation contained in paragraphs 1 through 33 of this Petition as if fully set forth herein.

8

35.     Defendants Agape and Clemensen, individually and by and through their agents, servants, and employees, touched Plaintiff in an offensive manner without his consent.

36.     The type and manner by which Defendants Agape and Clemensen touched Plaintiff was offensive to Plaintiff and would be offensive to a reasonable person.

37.     The offensive contact thereby caused bodily harm to Plaintiff.

38.     Defendants Agape and Clemensen are liable for the offensive contact perpetrated upon Plaintiff because the acts of its agents, servants, and/or employees were performed within the course and scope of employment with Defendant and under its apparent authority.

39.     Therefore, Defendants Agape and Clemensen are liable for the assault and battery perpetrated against Plaintiff and are liable for the injuries resulting therefrom.

40.     As a direct and proximate result of Defendants Agape and Clemensen's negligence, Defendants Agape and Clemensen directly caused, or directly contributed to cause, serious, permanent, and progressive injuries, medically diagnosable and significant emotional distress, mental anguish and injury, and damages to Plaintiff for which he has and will continue to need medical and psychiatric care and treatment.

## <u>COUNT III</u>
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41.     Plaintiff adopts and incorporates by reference every allegation contained in paragraphs 1 through 40 of this Petition as if fully set forth herein.

42.     The aforementioned negligent acts and/or omissions of Defendants Agape and Clemensen involved an unreasonable risk of causing emotional distress to Plaintiff.

43.     Defendants Agape and Clemensen knew, or should have known, of such unreasonable risks of causing emotional distress to Plaintiff.

44.     The emotional distress and mental injury that Plaintiff suffered is medically

9

diagnosable and medically significant and Plaintiff has and/or will need medical and psychiatric care and treatment in the future.

45.    As a direct and proximate cause of Defendant's breach of the duty owed to Plaintiff, he suffered severe emotional trauma from being assaulted and abused and/or observing and hearing other students be tortured and abused.

**COUNT IV**
**NEGLIGENT HIRING AND RETENTION**

46.    Plaintiff adopts and incorporates by reference every allegation contained in paragraphs 1 through 45 of this Petition as if fully set forth herein.

47.    Defendants Agape and Clemensen owed Plaintiff a duty of care to exercise reasonable care in the hiring and retention of its agents, servants, and employees.

48.    Defendants Agape and Clemensen breached their duty of care to Plaintiff in that, at the time of hiring and/or during the employment of various Agape agents and employees, including, but not limited to, Trent Hartman, Thomas Hodgini, Brent Jackson, Daniel Goldsmith, Ronald Sheldon, Seth Duncan, Robert Graves, Everett Graves, Scott Dumar, Julio Sandoval, and Bryan Clemensen, and before the acts alleged herein by Plaintiff, Agape knew, or should have known, that they possessed dangerous propensities to commit inappropriate physical and abusive contact with students, like Plaintiff, and/or were unsuitable for hire, or continued employment, based upon Agape's own policies and procedures.

49.    To demonstrate, Agape knew, or should have known, prior to the acts alleged herein by Plaintiff, that its agents and employees committed various acts of serious misconduct demonstrating a dangerous propensity to abuse children and/or that they were unsuitable for hire or continued employment, which includes:

A. In early 2007, current Agape director, Bryan Clemensen, was responsible for

10

various acts of physical assault and abuse on students, like Plaintiff, including kicking students in the face and rib cage, punching students in the face and head, grabbing, and slamming students, and engaging in improper physical restraints. Despite these instances of serious misconduct, Agape maintained Clemensen's employment and enabled his continued abuse of children at the school.

B. Robert Graves, Bryan Clemensen's brother-in-law, was employed by Agape in various positions from 1999 through 2016, and then again from 2019 through 2022 as Agape's "resource officer." On information and belief, Graves ended his employment with Agape in February 2022 as a result of disagreement with Bryan Clemensen. As early as 2007, Agape knew, or should have known, that Graves was responsible for striking students in the face and head, engaging in improper physical restraints, and detaining/handcuffing students so he could transport them to Agape Boarding School. Additionally, on Graves' employment application completed in 2000-2001, there were several inconsistencies regarding Graves criminal background, including whether he had been convicted of a crime. Graves also admitted that he was accused of beating his wife. Agape admits that the inconsistencies were a problem and should have been investigated further to determine whether Graves was suitable for hire and/or continued employment. Agape, however, is unable to state whether or not further investigation occurred. Despite this, Agape maintained Graves' employment for nearly two decades, where he continued to have access to children at the school.

C. Scott Dumar has been employed at Agape since 2001. In 2021, Dumar was charged with third-degree class E felony assault on an Agape student for knowingly causing injury to him. Agape initially placed Dumar on modified leave, but within months, Agape reinstated Dumar to regular duty with full access to students. Dumar was found guilty of a class a misdemeanor and was sentenced to two years' probation.

D. As early as 2011, Agape knew, or should have known, that Julio Sandoval, Robert Graves, Ronnie Sheldon, and Brent Jackson, were improperly restraining and physically assaulting and abusing students, like Plaintiff.

E. Trent Hartman was employed at Agape until 2020, at which point director Bryan Clemensen hot-lined Mr. Hartman to Children's Division/Department of Social Services for child abuse. However, as early as 2017, Agape knew or should have known that Hartman struck a student in the face and thew him against the wall. Further, during the time period of September 2015 through February 2016, Hartman was written up and admonished by other Agape staff for violating the Agape Ministry Staff Handbook. Despite reports of serious misconduct, Agape maintained his employment and enabled his continued abuse of children at the school.

F. For over five years, from 2016 to 2020, current Agape staff member, Dan Goldsmith admits that he used unacceptable "pressure point" pain compliance techniques to physically restrain Agape students. Goldsmith, a former corrections officer, further claims that he was unaware that the use of pressure points was

unacceptable for physically restraining students at Agape. After admitting that he had been using improper pressure point pain compliance techniques on Agape students for years, Goldsmith received a text message from director Bryan Clemenson on April 19, 2021, in which Clemensen admits that pressure point restraints are not acceptable. Goldsmith, however, was merely warned by Clemensen that he would be terminated if he continued to employ pressure points. Goldsmith continues to be employed at Agape today.

G. Agape employed Seth Duncan starting in 2018 until he left Agape after being investigated by Children's Division, and found responsible by a preponderance of evidence, for child abuse while working at Agape. However, before he resigned his employment, Agape knew or should have known that Duncan was improperly physically restraining students and assaulting students. Despite these instances of serious misconduct, Agape maintained Duncan's employment and enabled his continued abuse of children at the school.

50. Defendants Agape and Clemensen were further negligent in that it hired and/or continued to retain employees despite noncompliance with RSMo §210.493, including completing required background checks.

51. As a direct and proximate result of the carelessness and negligence of Agape in hiring and retaining various employees, Plaintiff suffered the aforementioned serious, permanent, and progressive damages, for which he has and/or will likely continue to need medical and psychiatric care and treatment.

**<u>DAMAGES</u>**

52. Plaintiff adopts and incorporates by reference every allegation contained in paragraphs 1 through 51 of this Petition as if fully set forth herein.

53. As a result of the acts and/or omissions of Defendants Agape and Clemensen as described herein, Plaintiff suffered physical and emotional abuse which caused damage to his mind and body.

54. As a direct and proximate result of Defendants Agape and Clemensen's acts and/or omissions, Defendants Agape and Clemensen directly caused, or directly contributed to cause,

12

serious, permanent, and progressive injuries, medically diagnosable and significant emotional distress, mental anguish and injury, and damages to Plaintiff for which he has and will continue to need medical and psychiatric care and treatment.

55.     As a direct and proximate result of Defendants Agape and Clemensen's acts and/or omissions, Plaintiff will in the future incur medical and psychiatric expenses, the exact amount of which cannot be determined at this time.

56.     Plaintiff has sustained damages as a result of the physical abuse and emotional abuse he suffered because of Defendants Agape and Clemensen's negligence, including but not limited to:

     A.  future economic damages; and

     B.  past and future noneconomic damages.

57.     As a result of Defendants Agape and Clemensen's acts and/or omissions, Plaintiff has suffered compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), as to be determined by the jury at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendants Agape and Clemensen for such damages that are fair and reasonable, for his costs incurred herein, and for any such further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

MONSEES & MAYER, P.C.
A Professional Corporation

BY */s/ Ryan D. Frazier*
 RYAN D. FRAZIER, #69081
 PHILLIP R. MARTENS #69213
 DAVID M. MAYER, #40861
 CHARLES T. LEE #69191
 1021 E. Walnut St.
 Springfield MO, 65806
 rfrazier@monseesmayer.com
 rmartens@monseesmayer.com
 dmayer@monseesmayer.com
 clee@monseesmayer.com
 Phone: (417) 866-8688
 Fax: (417) 866-8687

 **ATTORNEYS FOR PLAINTIFF**

14