IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

**P.B. a minor through his next friend and Grandfather KEITH DAVIS,**

          **Plaintiff,**

  v.

**AGAPE BAPTIST CHURCH, INC.,
d/b/a AGAPE BOARDING SCHOOL,**

**and**

**BRYAN CLEMENSEN**

          **Defendants.**

Case No.: 6:24-cv-03037-MDH

## ORDER APPROVING MINOR SETTLEMENT

Before the Court is Plaintiffs' Motion for Approval of Minor Settlement (Doc. 13). The Court has carefully reviewed the briefing, declarations, and other evidence before it, and based on the record the Court hereby **GRANTS** the motion. It is hereby **ORDERED**, **ADJUDED, AND DECREED**:

    1.    The terms of the proposed settlement agreement between P.B. and Defendants are fair and reasonable and in the best interest of P.B., and the Court hereby approves the settlement.

    2.    Keith Davis, as next friend for B.P., is hereby authorized and directed to execute a settlement agreement in the amount of $210,000.00 in exchange for a full release of all claims asserted in this lawsuit by Plaintiffs against Defendants.

3. The Court finds that the attorneys' fees incurred are fair, reasonable, and not inconsistent with the attorney client contract executed by Plaintiff. The Court approves payment of $83,126.92 to Plaintiffs' counsel from P.B.'s portion of the settlement proceeds. The Court additionally approves the payment of Plaintiffs' counsel's costs incurred in the amount of $2,182.69 from P.B.'s portion of the settlement proceeds. Therefore, the net settlement amount to be paid for the benefit of P.B. is $124,690.39.

4. It is further ordered that P.B.'s net settlement proceeds are to be paid as follows:

   a. Brotherhood Mutual Insurance, on behalf of Defendants, shall pay $124,690.39 to purchase an annuity contract issued by MetLife Assignment Company, Inc. (the "Annuity Issuer").

   b. The payee of the annuity shall be P.B. as he will be the age of majority on November 15, 2024.

   c. The annuity shall be paid in two payments. The first payments will be $45,000.00 payable November 16, 2024. The second payment will be $93,032.53 payable November 16, 2028.

5. The Court further orders that all sums set forth herein constitute damages on account of personal physical injuries arising from an occurrence within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

6. The Court further orders that pursuant to Section 130(c) of the Internal Revenue Code of 1986, as amended, Brotherhood Mutual Insurance, on behalf of Defendants, may make a "Qualified Assignment" of the obligation to make the above-specified periodic payments to MetLife Assignment Company Inc. ("Assignee") to be funded through the above-described

annuity contract issued by the Annuity Issuer. In connection therewith, Brotherhood Mutual Insurance, on behalf of Defendants, shall deliver to Assignee the total sum of $124,690.39 to purchase the contract from the Annuity Issuer to make future payments as specified above.

7. Should P.B. predecease any periodic payments set forth above, any such remaining guaranteed payments shall be made to the Estate of P.B. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to Defendant's Assignee. The designation must be in a form acceptable to Defendant's Assignee before such payments are made.

8. It is further ordered that once the qualified assignment and release agreement has been executed, the annuity funded, the annuity contract issued to or for the benefit of P.B., and Defendants have satisfied the other financial obligations to Plaintiffs in its settlement agreement with them, Defendants shall be fully relieved and discharged from judgment and all liability, claims, demands and causes of action whatsoever asserted in this action.

9. The Court further finds that because the $124,690.39 shall be paid by Brotherhood Mutual Insurance, on behalf of the Defendants, to fund the annuity contract and all subsequent guaranteed payments will be made directly to P.B., who will be at the age of majority, the next friend will not "receive" nor be in "receipt" of any money or property of P.B., and no such money or property will "come into" the "hands" of the next friend, as such phrases are used in Mo. Rev. Stat. §§ 507.150 and 507.188, and therefore the settlement does not invoke any provisions requiring bond or conservatorship under those provisions. *See J.S. by Searcy v. United States*, 2019 WL 913118, at *1 (W.D. Mo. 2019).

10. Once the settlement payment is received, Plaintiff shall acknowledge receipt by filing into this Court and shall file an appropriate Stipulation for Dismissal of this action in its entirety.

**IT IS SO ORDERED.**
Dated: August 22, 2024

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **United States District Judge**